IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY R. KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1812 |
| | ) |
| LELAND DUDEK,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 21st day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability income benefits under Subchapter II of the Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff contends the Administrative Law Judge ("ALJ") incorrectly assessed the medical evidence of record by not evaluating it under the appropriate regulations. (Doc. No. 10 at 13-16). Additionally, Plaintiff argues that the ALJ erred in finding that he had no severe impairments and that the ALJ's determination was not the result of a fair and impartial hearing. (*Id.* at 16-19). Upon consideration, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

This is a medical improvement case following a favorable disability finding. In 2014, an ALJ issued a favorable decision on Plaintiff's claim for disability insurance benefits, but medical improvement was expected with appropriate treatment and a continuing disability review was recommended in 18 months. (R. 79-85). Subsequently, an ALJ determined that Plaintiff's impairments improved in March 2018 to the point that his impairments were no longer severe and he was deemed no longer disabled under the Act as of March 1, 2018. (R. 9-23). Appeals Council denied Plaintiff's request for review of the ALJ's decision and Plaintiff appealed to this Court. (R. 1-6). This Court then granted Defendant's unopposed motion to remand the case back to the Commissioner for further proceedings. (R. 1046-47). After another administrative hearing was held, ALJ Leslie Perry-Dowdell issued another unfavorable decision finding Plaintiff was no longer disabled as of March 1, 2018. (R. 996-1011, 1019-45, 1048-53). Plaintiff appealed to this Court after Appeals Council denied his request for review. (R. 977-83).

As noted, Plaintiff asserts that the ALJ failed to analyze the medical evidence under the correct regulation, 20 C.F.R. § 404.1527. (Doc. No. 10 at 13-16). Specifically, Plaintiff contends that while the ALJ addressed the consistency and supportability of the medical opinions, she failed to address the other factors in this regulation, including the existence of an examining or treating relationship; the nature, length, and frequency of visits as part of the relationship; and the specialty of the source. (*Id.*). After reviewing the ALJ's analysis of these medical opinions, the Court disagrees.

The appropriate regulation here, 20 C.F.R. § 404.1527(c) explains that when ALJs do not give a treating source's medical opinion controlling weight, they should consider the following factors in evaluating other medical opinions: (1) the examining relationship; (2) the treating relationship; (3) the length of the treatment relationship and the frequency of examination; (4) the nature and extent of the treatment relationship; (5) supportability; (6) consistency; (7) specialization; and (8) other factors that are brought to the ALJ's attention or of which the ALJ is aware that tend to support of contradict the medical opinion. 20 C.F.R. § 404.1527(c). Here, while the record contained Plaintiff's

2

treatment records, Plaintiff's treating physicians did not submit opinions. Thus, the ALJ did not afford any treating source's opinion controlling weight and was tasked with analyzing all of the medical opinions in accordance with 20 C.F.R. § 404.1527(c).

The Court finds the ALJ's analysis of the opinion of physical consultative examiner, Dr. Einat Rabinovich, M.D., comported with 20 C.F.R § 404.1527(c). The ALJ explained that Dr. Rabinovich opined that Plaintiff could continuously lift and carry up to 100 pounds; sit, stand, and walk for 8 hours; and did not need a cane or have limitations with respect to his hands or feet; and did not have postural or environmental limitations. (R. 1009 (citing Ex. B6F)). The ALJ addressed the consistency and supportability factors by reasoning that this opinion was consistent with Plaintiff's treatment history and was supported by Dr. Rabinovich's normal examination findings during the consultative examination. (R. 1009). The ALJ also addressed the existence of an examining or treating relationship and the nature, length, and frequency of visits as part of the relationship by acknowledging that Dr. Rabinovich was a consultative examiner and, therefore, examined Plaintiff on one occasion and reviewed only the medical records from 2015 to 2016. (*Id.*). The only factor in 20 C.F.R. § 404.1527 that the ALJ did not address is that of specialization. However, this, alone, does not require remand as the records did not indicate Dr. Rabinovich's specialty and courts within the Third Circuit have held that where an ALJ gives a proper basis to credit or discount a medical opinion, remand is not required where the ALJ fails to mention the source's specialty. *See, e.g.*, *Winters v. Saul*, No. 19-1017, 2020 WL 5246710, at *8 (M.D. Pa. June 23, 2020). Here, the ALJ properly discounted this opinion, giving it partial weight, because it was based on only one examination and review of only the medical records from 2015-16. (*Id.*). Accordingly, the ALJ's analysis of Dr. Rabinovich's opinion is supported by substantial evidence.

Likewise, the ALJ's analysis of the opinion of psychological consultative examiner, Dr. Chantal Deines, Psy.D., comported with 20 C.F.R. § 404.1527. Dr. Deines opined that Plaintiff had no limitations in his ability to perform mental work-related functions. (R. 1009-10 (citing Ex. B10F)). The ALJ gave this opinion partial weight after finding it was generally consistent with the consultative examination findings and was supported by Dr. Deines' examination of Plaintiff. (R. 1010). Additionally, the ALJ addressed that Dr. Deines was a consultative examiner and, therefore, did not have a treating relationship with Plaintiff, and examined Plaintiff on one occasion. (*Id.*). The ALJ also noted that the context of Dr. Deines' opinion was limited as she did not have access to subsequent mental health records showing Plaintiff was diagnosed with attention deficit hyperactivity disorder. (*Id.*). While the ALJ also did not mention Dr. Deines' specialization in this analysis, this is not an issue requiring remand for the reasons stated above.

Similarly, the ALJ's analysis of the state agency medical consultants' opinions comported with 20 C.F.R. § 404.1527. The ALJ assigned these opinions partial weight after acknowledging their lack of treatment relationship with Plaintiff by noting that they

were state agency medical and psychological examiners. (R. 1010-11). The ALJ noted that these opinions were generally consistent with and supported by Plaintiff's treatment records and the consultative examinations. (*Id.*). Moreover, the ALJ acknowledged that these consultants only reviewed Plaintiff's medical records through June 2018, which implicitly acknowledged that these sources never examined or treated Plaintiff. (*Id.*). The ALJ's failure to address the specialization factor as to these medical sources is not an issue requiring remand for the reasons stated above. Thus, Plaintiff's argument on this point fails.

The Court also finds no merit in Plaintiff's argument that the ALJ's assessment of his severe impairments was not supported by substantial evidence and that, as a result, the ALJ's ultimate finding that Plaintiff was not disabled was not supported by substantial evidence. Plaintiff contends that the ALJ incorrectly found that he did not have any severe impairments and that this finding does not make sense in light of the ALJ's previous January 2020 finding that Plaintiff had multiple severe impairments. (Doc. No. 10 at 16-18). The Court notes that Plaintiff is pointing to a finding from a previously remanded decision and the ALJ is not bound by that decision, a fact that the ALJ pointed out at the hearing. (R. 1024); *see Krokus v. Colvin*, No. 13-389, 2014 WL 31360, at *1 n.1 (W.D. Pa. Jan. 2, 2014).

Additionally, Plaintiff argues that his impairments are severe due to his "numerous" emergency room and hospital visits after March 1, 2018 due to a variety of impairments. (*Id.* at 17). However, Plaintiff overlooks that he has a gap in medical treatment from 2020 to early 2021, a fact that the ALJ acknowledged. (R. 1006). The emergency room and hospital visits that Plaintiff relies upon occurred prior to February 2018 and his hospitalizations occurred in 2013, 2014, and 2015. (Doc. No. 10 at 3 (citing R. 837)). Plaintiff points out to the Court that he was seen in 2019 for continued heartburn and constipation, but the result of this appointment was only a recommendation that Plaintiff be compliant with his medication regimen. (R. 966). Altogether, Plaintiff does not point to any evidence that the ALJ overlooked or that would change the ALJ's analysis in a meaningful way. Accordingly, Plaintiff's argument on this point is without merit.

Likewise, the Court rejects Plaintiff's argument that the ALJ's determination was not the result of a fair and impartial hearing and that she failed to follow federal statutes and regulations. (Doc. No. 10 at 18-19). Plaintiff contends that ALJ Leslie Perry-Dowdell is biased against claimants generally because statistics show that she awards disability benefits in very few cases and is one of the least likely judges to award benefits. (*Id.*). Plaintiff points to statistics that reflect that over the past 5 years, nationally, claims for benefits are granted by ALJ's in approximately 45% of proceedings, and for this ALJ over the same time frame, in the 14% to 20% range. The Court disagrees that this "claims granted" rate differential, while quite notable over a number of years, shows bias that calls into question the validity of the proceedings and outcome in this specific case. The

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/Mark R. Hornak
Chief United States District Judge

ecf:    Counsel of record

---

United States Court of Appeals for the Third Circuit has stated that judicial rulings, alone, almost never support bias allegations. *See, e.g., Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (stating "judicial rulings alone almost never constitute valid basis for a bias or partiality motion."); *Kirlew v. Atty Gen. of U.S.*, 267 Fed. Appx. 125, 128 (3d Cir. 2008) (stating "we cannot base a finding of bias merely on repeated adverse rulings."); *Johnson v. Comm'r of Soc. Sec.*, No. 08-4901, 2009 WL 4666933, at *4 (D.N.J. Dec. 3, 2009), *aff'd*, 398 Fed. Appx. 727 (3d Cir. 2010) (quotation omitted) (noting "an ALJ's impartiality should not be judged by result or reputation or by statistics of how that judge has previously ruled."). To state a cognizable claim of bias, Plaintiff must show that the ALJ's actions have been "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. ALJ Perry-Dowdell's statistics, alone, do not rise to this standard and Plaintiff provides no additional pertinent evidence. *See, e.g.*, *James R. v. Kijakazi*, No. 22-05030, 2023 WL 6389097, at *5 (D.N.J. Sept. 30, 2023) (holding Plaintiff did not state a claim for bias when Plaintiff "chiefly relies on the ALJ's apparently high general rate of denying social security benefits and the allegation that other judges in the District have criticized the ALJ."). Here, the claims approval rate differential noted by Plaintiff does give the Court pause, in light of the magnitude of that differential over a meaningful period of time.  But for the reasons noted above, the Court concludes that on the record in this specific case, substantial evidence supports the findings of the ALJ, and the record does not reveal a basis to conclude that the ALJ failed to properly apply the relevant statutory, regulatory and case law principles to her analysis, or that she is unable or unwilling to apply the proper analysis to the resolution of matters before her, or that she somehow "reverse engineered" her analysis in this case to lead to a preferred and predetermined outcome that was contrary to the record evidence.   Accordingly, the Court rejects Plaintiff's argument on this point.

All told, the ALJ's findings and conclusions are supported by substantial evidence and the decision of the Commissioner must be affirmed.